IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

*********************************
UNITED STATES OF AMERICA,                          Case No. 5:19-CR-253 (DNH)

    v.

MARK W. SWEENEY,                                   GOVERNMENT'S SENTENCING
                                               MEMORANDUM
                Defendant.
*********************************

## I.    INTRODUCTION

On July 11, 2019, the defendant pled guilty to count one of a single count Information charging him with threatening federal employees, in violation of 18 U.S.C. § 115(a)(1)(B). The defendant is scheduled to be sentenced on November 7, 2019. The defendant has been detained since March 1, 2019, and at the time of sentencing the defendant will have been in custody for a period of approximately 8 months.

## II.    APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

### A.    Statutory Maximum Sentences

The government agrees with the recitation of the statutory maximum terms of imprisonment, supervised release, probation, and fines set forth in the initial PSR. Dkt. 21. Specifically, the maximum term of imprisonment is 10 years, the maximum term of supervised release is three years, and the maximum fine is $250,000. *Id.* ¶¶ 69, 72, and 76.

### B.    Guidelines Provisions

#### 1.    Offense Level

The government agrees with the initial PSR's calculation of the defendant's total offense level of 10. Specifically, the defendant's base offense level is 12 pursuant to U.S.S.G. § 2A6.1,

1

and the defendant is entitled to a two-level reduction pursuant to U.S.S.G. § 3E1.1(a) because he has accepted responsibility for his conduct.

## 2. Criminal History Category

The government agrees with the initial PSR's determination that the defendant falls into Criminal History Category I.

## 3. Guidelines Range of Imprisonment

The government agrees with the initial PSR's calculation of the defendant's guidelines range of imprisonment as 6 to 12 months.

### III.   GOVERNMENT'S SENTENCING RECOMMENDATION

The government respectfully recommends that the defendant be sentenced to a guideline term of imprisonment together with a guideline term of supervised release.

The defendant's conduct in February 2019 was serious and warrants an equally serious punishment. The defendant not only made a lengthy telephone call to the Department of Veterans Affairs Crisis Line with the clear intention of communicating a threat, but shortly before the call he was involved in an incident at Community General Hospital in Syracuse where he threatened to kill a nurse. Taken together, and particularly in light of the defendant's choice to couple his threat of violence against the VA employees with a claim of both the means to carry out an attack and a plan to do so ("I do have ways to do it, and I do have a plan. I do have a plan. I've been planning it for fucking months . . . ."), the defendant's conduct warrants a guidelines sentence of imprisonment.

The defendant's threats had a real impact on members of the community who perform a critical function for the area's veterans. The Emergency Department staff at the VA Medical Center does a difficult and sometimes dangerous job. The defendant made them feel unsafe at

y
here

work, making a hard and stressful job even harder. The defendant's conduct also caused law enforcement to use resources to respond to him – perhaps part of his goal in making the threats in the first place – because the defendant knows that we live in a world where mass shootings are disturbingly frequent and threats to carry them out (particularly when made with asserted means and a plan) must be taken seriously.

The defendant also should be placed on supervised release after he serves his custodial sentence. His conduct appears to reflect an ongoing anger and pain management problem. Court ordered therapy and supervision would be useful to manage the defendant's transition back into society.

In light of the foregoing and the applicable 18 U.S.C. § 3553(a) factors, a guidelines sentence is appropriate.[1]

DATED: October 17, 2019            Respectfully submitted,

                                   GRANT C. JAQUITH
                                   UNITED STATES ATTORNEY


                           BY:     */s/ Michael D. Gadarian*
                                   Michael D. Gadarian
                                   Assistant United States Attorney
                                   Bar Roll No. 517198

---

[1] The government reserves the right to respond to defense arguments raised for the first time after the filing of this memorandum. Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond. *See* Fed. R. Crim. P. 32(i)(1)(c), 32(h). Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendation submitted by the United States Probation Office.